■ VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Plaintiff, v SUPERVISOR OF TOWN OF OYSTER BAY, et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. [982 NYS2d 343]—In an action, inter alia, for a judgment declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff is illegal and void, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated July 12, 2012, as denied that branch of their motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Verizon New York Inc., formerly known as New York Telephone Company (hereinafter Verizon), commenced this action against, among others, the Supervisor of the Town of Oyster Bay, the Town of Oyster Bay, and various special districts within the Town of Oyster Bay (hereinafter collectively the town defendants), seeking declaratory relief and refunds of tax payments made in connection with the levies of certain special ad valorem taxes for garbage and refuse collection services. The town defendants commenced a third-party action against the County of Nassau and the Nassau County Board of Assessors claiming that, pursuant to former Nassau County Administrative Code § 6-26.0 (b) (3) (c), popularly known as "the County Guaranty," they were entitled to indemnification by the County for any sums which the town defendants were liable to pay Verizon for refunds in connection with the challenged special ad valorem taxes. The third-party defendants moved, inter alia, for summary judgment dismissing the third-party complaint. The Supreme Court denied that branch of the motion, and the third-party defendants appeal.

For the reasons stated in *Keyspan Generation, LLC v Nassau County* (115 AD3d 812 [2014] [decided herewith]) and *Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead* (115 AD3d 810 [2014] [decided herewith]), the Supreme Court properly denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint (*see New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 122, 131-132 [2010]). Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.